UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT PADUCAH

**CINDY MITCHELL**                                                                              **PLAINTIFF**

**v.**                                      **CIVIL ACTION NO. 5:16CV-1-GNS**

**TRACFONE WIRELESS, INC.**                                          **DEFENDANT**

### MEMORANDUM OPINION

Plaintiff Cindy Mitchell filed the instant *pro se* action. Rule 12(h)(3) of the Federal Rules of Civil Procedure provides, "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." A review of the complaint reveals that this Court lacks subject-matter jurisdiction. Therefore, the Court will dismiss the action.

### I. SUMMARY OF CLAIMS

Plaintiff filed this action on a Court-approved general complaint form. She sues Tracfone Wireless, Inc. As the grounds for filing this case in federal court, Plaintiff states, "Because this company is based out of Miami, Florida and I'll be representing myself." As her statement of the claim, Plaintiff states as follows:

> I was ripped off and basically discriminated against by this company they lied kept me holding the phone about an hour. I purchased a 30 day monthly plan net 10 wireless card for 25.00 dollars plus tax and they discriminated against me and refused to put the minutes on my phone after telling me when I first started my account that as long as the cards I purchased said 30 day monthly plan on them they could be used. There uneducated about cellular phones and are ripping people off I'm seeking damages for 185,000.

As relief, Plaintiff seeks $185,000 in compensatory damages and requests the Court to "Alert the Attorney General's Office in Miami, Florida have this company seriously investigated."

## II. ANALYSIS

*Pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991). However, "[o]ur duty to be 'less stringent' with pro se complaints does not require us to conjure up unpled allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted). And this Court is not required to create a claim for Plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the Court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

It is axiomatic that federal district courts are courts of limited jurisdiction, and their powers are enumerated in Article III of the Constitution. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *Hudson v. Coleman*, 347 F.3d 138, 141 (6th Cir. 2003) ("[I]t is well established that federal courts are courts of limited jurisdiction, possessing only that power authorized by the Constitution and statute."). "Jurisdiction defines the contours of the authority of courts to hear and decide cases, and, in so doing, it dictates the scope of the judiciary's influence." *Douglas v. E.G. Baldwin & Assoc. Inc.*, 150 F.3d 604, 606 (6th Cir. 1998), *overruled on other grounds by Cobb v. Contract Transp., Inc.*, 452 F.3d 543, 548-49 (6th Cir. 2006). Moreover, federal courts have an independent duty to determine whether they have jurisdiction and to "police the boundaries of their own jurisdiction." *Douglas*, 150 F.3d at 607 (citing *Ebrahimi v. City of Huntsville Bd. of Educ.*, 114 F.3d 162, 165 (11th Cir. 1997)).

The party who seeks to invoke a federal district court's jurisdiction bears the burden of establishing the court's authority to hear the case. *Kokkonen*, 511 U.S. at 377. There are two ways a federal district court may have jurisdiction over a case. The first is through federal question jurisdiction under 28 U.S.C. § 1331, and the second is through diversity jurisdiction under 28 U.S.C. § 1332.

### *Federal question jurisdiction*

In the present case, Plaintiff has not established federal question jurisdiction under 28 U.S.C. § 1331. She has not stated that she was deprived of any federal statutory or constitutional right. While Plaintiff states that she was "basically discriminated against" by Defendant, the Court finds that Plaintiff's conclusory statement lacks any factual basis to state a constitutional claim, *i.e.*, her race or any other protected classification that purportedly motivated the allegedly discriminatory treatment. *See Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) ("[T]he district court need not accept a 'bare assertion of legal conclusions.'") (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)); *Rodriguez v. SK & F Co.*, 833 F.2d 8, 9 (1st Cir. 1987) (per curiam) (affirming dismissal for lack of subject matter jurisdiction where "the plaintiff has failed to allege grounds upon which to support either his conclusory allegation of diversity jurisdiction or federal question jurisdiction"); *Shavelson v. Kauai Police Dep't*, No. 15-00076 SOM/BMK, 2015 U.S. Dist. LEXIS 46632, at *3 (D. Haw. Apr. 9, 2015) ("Without more facts going to discrimination, this court cannot conclude that [the plaintiff] is asserting a federal discrimination claim against the KPD.") (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). For these reasons, Plaintiff fails to demonstrate jurisdiction under 28 U.S.C. § 1331.

*Diversity jurisdiction*

Additionally, Plaintiff fails to establish diversity jurisdiction under 28 U.S.C. § 1332. To give rise to jurisdiction under § 1332, there must be complete diversity of citizenship, and the amount in controversy must exceed "the sum or value of $75,000, exclusive of interest and costs[.]" 28 U.S.C. § 1332. The Court finds that Plaintiff satisfies the diversity-of-citizenship requirement as the complaint indicates that she is a citizen of Kentucky and Defendant is a citizen of Florida.

However, Plaintiff fails to establish that the amount in controversy satisfies the jurisdictional requirement. To determine whether the amount in controversy exceeds the jurisdictional amount, the amount alleged in the complaint controls, "as long as claimed in good faith." *Charvat v. GVN Mich., Inc.*, 561 F.3d 623, 628 (6th Cir. 2009) (citing *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938)). Dismissal is proper if the amount alleged in the complaint was never recoverable in the first instance. *Id.*

> But if, from the face of the pleadings, it is apparent, to a legal certainty, that the plaintiff cannot recover the amount claimed or if, from the proofs, the court is satisfied to a like certainty that the plaintiff never was entitled to recover that amount, and that his claim was therefore colorable for the purpose of conferring jurisdiction, the suit will be dismissed.

*Charvat v. GVN Mich., Inc.*, 561 F.3d at 628 (quoting *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. at 289).

Plaintiff claims that she was "kept [] holding on the phone about an hour" and purchased a $25.00 phone card for which "they refused to put the minutes on my phone." Plaintiff alleges that she is entitled to $185,000 in damages. However, the Court concludes that it is apparent to a legal certainty that her damages for Defendant's alleged actions do not exceed the $75,000 required to support diversity jurisdiction. She does not state any other factual grounds for relief,

and the Court cannot discern any possible claim arising out the facts alleged that would entitle Plaintiff to damages exceeding $75,000. Plaintiff's demand for relief is grossly exaggerated, implausible, and frivolous and does not serve as the basis to confer diversity jurisdiction over her claim. *See Abdel-Aleem v. OPK Biotech LLC*, No. 11-10397-RGS, 2011 U.S. Dist. LEXIS 37868, at *3 n.1 (D. Mass. Apr. 6, 2011) (finding that "other than simply reciting what appears to be an imaginary number, [the plaintiff] does not allege sufficient facts to address the jurisdictional [amount in controversy]"). Therefore, Plaintiff fails to demonstrate diversity jurisdiction under 28 U.S.C. § 1332.

### III. CONCLUSION

Because Plaintiff has failed to establish that this Court has subject-matter jurisdiction over this action, the Court will dismiss this action by separate Order.

Date: May 31, 2016

**Greg N. Stivers, Judge**
**United States District Court**

cc: Plaintiff, *pro se*
4416.010